1998 OK JUD ETH 6

**JUDICIAL ETHICS OPINION 1998–6.**

**No. 1998–6.**

Oklahoma Judicial Ethics Advisory Panel.

Decided July 7, 1998.

Filed: July 24, 1998.

**QUESTION: May a Judge participate in a charitable fund-raising event where the Judge would not solicit funds nor make reports on funds raised, but would only act as an emcee, introduce talent or other guests?**

**WE ANSWER: NO.**

Canon 4(C)(3)(b)(i), provides that a Judge shall not personally participate in the solicitation of funds or other fund-raising activities; and in (iv) provides that the Judge should not use or permit the use of the prestige of judicial office for fund-raising or membership solicitation.

It is stated in ABA Informal OP.603 (November 2, 1962) that the basis of the Canon is to avoid giving grounds for any "reasonable suspicion that he is utilizing the power or prestige of his office to persuade or coerce others to patronize or contribute . . . to charitable enterprises." MODEL CODE, Canon 5(B), sets out the standard provisions that a Judge should not solicit funds for charitable organizations and also adds: "He should not be a speaker or the guest of honor at an organization's fund-raising event, but he may attend events."

It is stated in Judicial Conduct and Ethics, paragraph 9.06 at page 263: "The advisory opinions evince a strong consensus in favor of a strict interpretation of the anti-solicitation rule." Various examples have been given of conduct where there is not "even a remote possibility that the proposed activity actually would have exerted undue influence over potential donors." However, the anti-solicitation rule was invoked.

It is our opinion that a strict interpretation of the pertinent Canon would prohibit a Judge from acting as an emcee at a fund solicitation program of a charitable organization.

/s/ Robert L. Bailey, Chairman

/s/ Robert A. Layden, Vice Chairman

/s/ Milton C. Craig, Secretary